REKOSZ ET AL. *v.* STANDARD STEEL CAR COMPANY.

[No. 13,490.   Filed March 7, 1929.   Rehearing denied May 8, 1929.]

*Dominic P. Sevald* and *Mariann K. Sevald,* for appellants.

*Slaymaker, Turner, Merrell, Adams & Locke, C. D. Ihrig* and *Hugh E. Reynolds,* for appellee.

PER CURIAM.—Stanislaw Rekosz was in the employ of appellee on May 25, 1923, and on that date received an injury by accident arising out of and in the course of his employment, which resulted in his death on the same day. His mother and two sisters, residing in Poland, and who had never been residents of the United States, filed the application herein for an award of compensation, claiming to be dependents.

On the hearing before the full Industrial Board, there was evidence sufficient to sustain a finding that the applicants, appellants, were partially dependent upon said deceased for their support, but the board, among other facts, found "that the evidence wholly fails to furnish any basis whatever for the board making any finding as to the average amount of his wages contributed weekly to the plaintiffs." In this condition of the proof, the board refused to make an award of compensation, and this appeal followed.

It is provided in §37 of our compensation act, §9482 Burns 1926, that: "If the employee leaves dependents only partially dependent upon his earnings for support at the time of his injury, the weekly compensation of those dependents shall be in the same proportion to the weekly compensation of persons wholly dependent as the *average* amount contributed weekly by the deceased to such partial dependent bears to his average weekly wages at the time of the injury." (Our italics.) Under this statute, before there can be an award to partial dependents, the board must first find the *average* amount con-

tributed weekly by the deceased to those partially dependent upon him. Before this average can be found, there must be evidence establishing the total amount contributed by the deceased to such partial dependents, and there must also be evidence fixing the term of the last employment, not exceeding fifty-two weeks. The total of contributions made, divided by the number of weeks of employment, will give the average amount contributed weekly, and when this is found, fifty-five per cent thereof will be the amount of compensation to which partial dependents are entitled.

In the record before us, we find no evidence which would furnish the necessary data to the board from which it could compute and find the "average amount contributed weekly" to the appellants. The award must, therefore, be affirmed.